# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Rev. Dr. Thomas A. Summers,<br>Rev. Dr. Robert M. Knight,<br>Rabbi Sanford T. Marcus, Rev. Dr.<br>Neal Jones, Hindu American Foundation,<br>and American-Arab Anti-Discrimination<br>Committee,<br><br>                Plaintiffs,<br>     v.<br><br>Marcia S. Adams, in her official capacity[1]<br>as the Director of the South Carolina<br>Department of Motor Vehicles; and<br>Jon Ozmint, in his official capacity<br>as the Director of the Department<br>of Corrections of South Carolina,<br><br>                Defendants. | C/A NO. 3:08-2265-CMC<br><br>**OPINION & ORDER<br>GRANTING MOTION FOR<br>ATTORNEYS' FEES** |

On November 10, 2009, the court granted Plaintiffs' motion for summary judgment and permanently enjoined Defendants from implementing the "I Believe" Act, S.C. Code Ann. § 56-3-10510. This state law authorized the Department of Motor Vehicles ("DMV") to issue a license plate containing "the words 'I Believe' and a cross superimposed on a stained glass window." *Id.* Defendants did not appeal this ruling, and the time for doing so has expired. This matter is now before the court on Plaintiffs' motion for attorneys' fees and expenses pursuant to 42 U.S.C. § 1988, the federal statute authorizing an award of attorneys' fees for prevailing parties in certain civil rights actions.

Plaintiffs request $202,705.57 in attorneys' fees and expenses, including $178,589.25 for

---

[1] Defendant Marcia S. Adams was sued in both her individual and official capacities. The individual capacity claims were, however, dismissed. The attorneys' fees and expenses sought through the present motion are, therefore, addressed to Adams solely in her official capacity.

litigation of the merits, $12,928.50 for work on their motion for attorneys' fees, and $11,187.82 for litigation expenses. *See* Dkt. No. 156-1 at 5. Neither Defendant contests the amount of attorneys' fees sought for the litigation of the merits. Thus, Defendants concede that Plaintiffs are entitled to an award of at least $178,589.25 in attorneys' fees. Defendant Ozmint does, however, argue that Plaintiffs' motion for litigation expenses ($11,187.82) and for fees sought for preparation of their motion ($12,928.50) should be reduced. Defendant Adams does not contest the propriety of either aspect of the motion for fees and expenses. In short, one Defendant challenges something less than twelve percent of the fees and expenses sought while the other concedes the reasonableness of all amounts sought.[2]

Although Adams does not challenge the propriety of the amount sought, she joins Ozmint in arguing that their respective agencies should be excused from liability for any award of attorneys' fees and expenses. That is, both Defendants urge this court to shift responsibility for fees and expenses from the state agencies charged with implementing the "I Believe" Act to the State of South Carolina as an entity.

For the reasons set forth below, the court grants Plaintiffs' motion for attorneys' fees and expenses in full. The court declines the invitation to shift fees to the State and, instead, finds Defendants in their official capacities, jointly and severally responsible for the award.

---

[2] Together, the total expenses sought and fees related to preparation of the motion for attorneys' fees amount to less than twelve percent of the total amount sought through the motion. Ozmint does not suggest that these fees and expenses should be disallowed in total, only that they should be reduced.

**BACKGROUND**

Plaintiffs brought this action to enjoin implementation of the State of South Carolina's "I Believe" Act, which authorized the DMV to issue a license plate containing "the words 'I Believe' and a cross superimposed on a stained glass window." S.C. Code Ann. § 56-3-10510. The Act, initiated at the behest of the Lieutenant Governor and passed unanimously by the South Carolina Legislature, states:

> The Department of Motor Vehicles may issue "I Believe" special motor vehicle license plates to owners of private motor vehicles registered in their names. The plate must contain the words "I Believe" and a cross superimposed on a stained glass window. The biennial fee for this special license plate is the same as the fee provided in Article 5, Chapter 3 of this title. The guidelines for the production of this special license plate must meet the requirements contained in Section 56-3-8100.

Act No. 253 (codified at S.C. Code Ann. § 56-3-10510); *see also* Dkt. No. 150 at 9-11 (Permanent Inj. Order). Plaintiffs argued that the "I Believe" Act violated the Establishment Clause of the First Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment. *See* Dkt. No. 74 (Second Am. Compl.)

On December 15, 2008, the court issued a preliminary injunction prohibiting the DMV from ordering or issuing the "I Believe" license plates and the Department of Corrections ("SCDC") from producing the plates. Dkt. No. 52; *see also* Dkt. Nos. 56, 59 (Order and Am. Order). On November 10, 2009, the court permanently enjoined Defendants from ordering, producing, or issuing the plates and entered judgment in favor of Plaintiffs. Dkt. No. 147.

**STANDARD**

Congress has authorized the award of a reasonable attorneys' fee to prevailing parties in certain civil rights actions. 42 U.S.C. § 1988(b) ("[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."). "[A] plaintiff 'prevails'

when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Mercer v. Duke Univ.*, 401 F.3d 199, 203 (4th Cir. 2005) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)). The district court has the discretion to determine whether an attorney fee request is reasonable. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983). Nonetheless, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.* at 429 (internal quotation marks and citation omitted).

## DISCUSSION

### I. Award of Attorneys' Fees.

#### A. Award for Litigation of the Merits.

Defendants neither dispute that Plaintiffs are the prevailing parties, nor contest the amount of attorneys' fees sought for litigating the merits.[3] *See* Dkt. No. 159 at 2; Dkt. No. 160 at 1-2. The court has, nonetheless, independently evaluated the reasonableness of the fees sought for this aspect of the litigation.

In addressing a motion for attorneys' fees, the "court must first determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Information Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 310 (4th Cir. 2008)). In determining the reasonable hours and rate, the court considers the twelve factors set out in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.

---

[3] Ozmint, in a footnote, expresses his belief that some of the billing record entries were "excessive, that certain tasks were overstaffed, and that some entries relate to claims on which the Plaintiffs did not prevail." Dkt. No. 159 at 8 n.7. However, Ozmint does not oppose the fees claimed on the merits because Plaintiffs did not claim fees for six of the attorneys who worked on the case, and reduced the fees requested for the work of the remaining attorneys by ten percent. *Id.*

4

1978). *Robinson*, 560 F.3d at 245 (reaffirming use of the *Barber* factors). "[T]here is a strong presumption that the lodestar figure is reasonable." *Perdue v. Kenny A.*, __ U.S. __, No. 08-970, slip op. at 9 (Apr. 21, 2010). Even with this presumption, "[i]t is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination . . . ." *Id.* at 14.

Given the time and labor Plaintiffs' counsel expended according to their affidavits, the complexity of the constitutional issues raised, the results of the litigation, and the qualifications of the attorneys as set forth in their affidavits, the court finds the amount sought reasonable. *See Barber*, 577 F.2d at 226 n.28. The court also considers Plaintiffs' decision not to seek recovery of fees for Attorneys Katskee, Luchenitser, Leong, Rice, Klazen, and Cain and self-imposed ten-percent reduction of the remaining fees as an additional indication of the reasonableness of the recovery sought. For these reasons, the court concludes that Plaintiffs are entitled to an award of attorneys' fees in the amount of $178,589.25 for litigation of the merits of this action.[4]

### B. Award for Preparation of Motion for Attorneys' Fees.

Ozmint, but not Adams, asks the court to consider whether the 77.76 hours Plaintiffs seek for preparation of the motion for attorneys' fees is reasonable. Ozmint asserts that "a majority of the supporting affidavits and the supporting memorandum were likely not created anew and are believed to be similar to those used in previous fee litigation by Plaintiff's counsel." Dkt. No. 159 at 8 n.7. Ozmint does not provide evidentiary support for this assertion.

---

[4] Some of the requested rates are below the rates permitted under the Equal Access to Justice Act, while others are well within the rates the undersigned has applied to similar litigation. *See Harrison-Belk v. Rockhaven Community Care Home, Inc.*, 3:07-cv-54-CMC (July 29, 2008) (concluding that a rate of $290.00 per attorney hour was reasonable after applying the *Barber* factors). Plaintiffs have submitted a declaration from a local civil rights attorney in support of their proposed rates. *See* Dkt. No. 156-5 (declaration of Palmer Freeman). In addition, while it is not dispositive, the court notes that neither Defendant challenges the reasonableness of the rates.

Fees for the preparation of a motion for attorneys' fees are properly compensable in a § 1988 fee award. *See, e.g.*, *Mercer*, 401 F.3d at 202 n.3 ("[I]t is well settled that the time spent defending entitlement to attorney's fees is properly compensable under § 1988.") (quoting *Trimper v. City of Norfolk*, 58 F.3d 68, 77 (4th Cir. 1995)). The court has the discretion, however, to determine whether the fees sought are reasonable. *See, e.g.*, *EEOC v. Service News Co.*, 898 F.2d 958 (4th Cir. 1990); *Daly v. Hill*, 790 F.2d 1071, 1080 (4th Cir. 1986). Courts have found fees sought for preparation of a motion for attorneys' fees unreasonable when, for example, the amount sought exceeds twenty percent of the award for the litigation phase. *See, e.g.*, *Trimper*, 58 F.3d at 77 (holding that an award of fees for preparation of a fee petition that exceeded 20% of the award for the litigation phase was unreasonable); *Service News Co.*, 898 F.2d at 966 (same).

Plaintiffs' counsel aver that they collectively spent 102.3 hours preparing this mot6ion for attorneys' fees: Attorney Khan expended 20.9 hours, Attorney Kozloski expended 4.3 hours, Attorney Blank expended 61.2 hours, and Attorney Cain expended 15.9 hours. *See* Dkt. No. 156-6 (attorney time records). Plaintiffs excluded Mr. Cain's hours from this fee request, reducing the hours for which recovery was sought to 86.4. Plaintiffs further reduced the hours for which recovery was sought by ten percent. Thus, Plaintiffs are seeking compensation for 77.76 hours of work on this motion, at the same rates sought for the merits portion of the litigation, for a total requested amount of $12,928.50.[5] Dkt. No. 156 at 2.

---

[5] Plaintiffs have omitted hours spent preparing their reply to Defendants' objections to their motion for attorneys' fees from this request. Dkt. No. 161 at 3.

The fees requested for preparation of the motion for attorneys's fees amount to 7.2% of the fees requested for the merits phase. Although this percentage is not solely determinative of the reasonableness of Plaintiffs' request, it does suggest that the fees sought for preparation of the motion are reasonable. In any event, the court, based on its independent review, finds the rate, the number of hours expended, and the total amount sought for this aspect of the litigation reasonable. For these reasons, the court awards Plaintiffs $12,928.50 for preparation of their motion for attorneys' fees and expenses.

## II. Reimbursement for Expenses Under Section 1988.

Ozmint also challenges Plaintiffs' motion to the extent it seeks recovery of certain litigation expenses. Ozmint argues that the only litigation expenses recoverable under 42 U.S.C. § 1988 are those under Fed. R. Civ. P. 54 and 28 U.S.C. § 1920. Thus, Ozmint suggests that the court deduct investigation fees,[6] hotel and travel expenses, copying and faxing costs, postage and courier expenses, transcription fees for non-testimonial events, and electronic legal research fees from the attorneys' fee award.

**Recoverable Expenses Under Section 1988.** The Fourth Circuit has held that, "[w]here attorneys' fees are expressly authorized by statute . . . Rule 54(d) is no longer relevant. Instead, the question is whether the statutory authorization of reasonable attorneys' fees was intended to include

---

[6] Although Plaintiffs refer to fees paid to Allied Investigative Services, Carolina Investigation, Inc., and Harrison Investigations, Inc., as payment for "Investigation Services," documents in support of these expenses indicate that all fees paid to these companies were for service of process upon various witnesses. *Compare* Dkt. No. 156-8 at 2 (referring to the expenses as "Investigation Services") *with* Dkt. No. 156-8 at 8-30 (Ex. 6F) (containing invoices, check copies, and other documentation of transactions with these companies). Fees for service of process are taxable costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920; therefore, Ozmint's argument as to "investigation fees" is unavailing.

litigation expenses." *Wheeler v. Durham Bd. of Educ.*, 585 F.2d 618, 623 (4th Cir. 1978). "A prevailing plaintiff in a civil rights action is entitled, under § 1988, to recover those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988) (internal quotation marks and citation omitted). Section 1988 permits recovery of expenses that are not compensable under Rule 54(e) because the statute "is intended to encourage [meritorious civil rights plaintiffs] to bring suit by shifting the costs of litigation to defendants who have been found to be wrongdoers." *Daly v. Hill*, 790 F.2d 1071, 1084 (4th Cir. 1986); *see also Wheeler*, 585 F.2d at 624 ("Reimbursement of related litigation expenses would . . . plainly further the congressional purpose . . . .").

The court must determine, therefore, whether the specific litigation expenses Plaintiff seeks to recover are those which would normally be charged to a fee-paying client. As the Fourth Circuit explained in *Wheeler*:

> Litigation expenses such as supplemental secretarial costs, copying, telephone costs and necessary travel, are integrally related to the work of an attorney and the services for which outlays are made may play a significant role in the ultimate success of litigation . . . . [T]o recount the reasons for including litigation expenses in a fee award is perhaps to state the obvious; for other federal courts have routinely provided for recovery of out-of-pocket expenses in conjunction with fee awards.
> \* \* \*
> We view differently, however, the fees and expenses of outside, non-legal consultants and experts. Their fees and expenses are traditionally not regarded as attorneys' fees, however essential their services may be to the successful preparation and trial of a complex case.

585 F.2d at 624; *see also Trimper*, 58 F.3d at 75 ("[T]he *Daly* Court specifically held that § 1988 contemplates reimbursement not only for attorney's fees but also litigation expenses such as secretarial costs, copying, telephone costs and necessary travel."); *Davis v. Richmond*, F. & P. R.

Co., 803 F.2d 1322, 1328 (4th Cir. 1986) (holding that reimbursement for fees paid by a party to an expert witness is not allowed under Section 1988).

Ozmint relies on dicta in a footnote of the unpublished decision in *Norwood v. Bain*, 2000 U.S. App. LEXIS 12721 (4th Cir. 2000) to suggest that the Fourth Circuit's approach to expenses under Section 1988 has changed. *See id.* at *5 n.1. It is unclear whether Ozmint has correctly interpreted *Norwood*.[7] However, even if Ozmint's interpretation is correct, *Norwood* lacks precedential value as to this issue because published opinions have adequately addressed the issue. *See* 4th Cir. R. 32.1.

**Filing Fees and Postage, Copying, and Telephone Expenses.** Plaintiffs seek reimbursement for filing fees and postage, telephone, and copying expenses. *See* Dkt. No. 156-8 at 2-3. It is well-settled in the Fourth Circuit that these expenses are recoverable under Section 1988: As explained above, *Wheeler*, *Daly*, and *Trimper* explicitly include filing fees, postage, and

---

[7] The text of the *Norwood* footnote is as follows:

> Appellants appear to believe that § 1988(b) authorizes an award of costs as well as attorneys' fees. This belief is mistaken. With certain exceptions, costs are awarded as a matter of course to a prevailing party. *See* Fed. R. Civ. P. 54(d)(1) ("Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs …."). Section 1988(b) authorizes an award of "a reasonable attorney's fee *as part of the costs*" in certain actions, with certain exceptions. 42 U.S.C.A. § 1988(b) (emphasis added). Because Appellants argue only that the award pursuant to § 1988(b) was unreasonable, we construe their allegation of error as a challenge to the award of attorneys' fees only. Accordingly, the award of costs is not affected by our reversal of the award of attorneys' fees.

2000 U.S. App. LEXIS 12721 at *5 n.1 (emphasis in original). The *Norwood* court appears to be making an unrelated point that costs are included in the larger attorney fee award and are not awarded separately. However, because the interpretation of the *Norwood* dicta is not dispositive here, the court offers no opinion on its correct interpretation.

copying costs as examples of expenses recoverable under Section 1988 that would not be recoverable under Rule 54(d) and 28 U.S.C. § 1920. Thus, the court grants Plaintiffs an award of these expenses.

**Travel Expenses.** Plaintiffs also seek reimbursement for travel expenses incurred in December 2008, when counsel traveled to South Carolina to depose Lieutenant Governor Bauer, and in April 2009, when the preliminary injunction hearing took place. Dkt. No. 156-7 at 6, 14, 28-29, 34, 38 (summarizing travel expenses of Ayesha Khan and Elizabeth Stephens). Travel to conduct depositions and to appear before the court fall well within the definition of "necessary travel." Therefore, as explained above, these expenses are recoverable under Section 1988. *See Trimper*, 58 F.3d at 75 ("necessary travel" recoverable).

**Transcription.** Plaintiffs have requested reimbursement for the preparation of two transcripts. These transcripts were developed based on recordings of the "I Believe" rallies that took place in January and March 2009. *See* Dkt. No. 156-8 at 37-42 (documentation of transcription expenses). Both transcripts were submitted to the court as attachments to Plaintiffs' summary judgment motion. Dkt. Nos. 119-42, 119-43 (transcripts of Greer and Simpsonville rallies). The court cited these transcripts several times in its summary judgment order. *See* Dkt. No. 150 at 16-23 (discussing post-preliminary injunction public appeals by Lieutenant Governor Bauer, Attorney General Henry McMaster, and other officials). Because these transcripts were used for the litigation, the court concludes that the transcription fees would be charged to a client and are, therefore, recoverable under Section 1988.[8]

---

[8] The court also notes that, in his deposition, Lieutenant Governor Bauer conceded the accuracy of these transcripts. *See* Dkt. No. 119-33 at 12-13.

**Electronic Legal Research.** Plaintiffs seek to recover fees for conducting legal research on Westlaw, an electronic database. Dkt. No. 156-8 at 43-46 (listing relevant Westlaw charges). The Fourth Circuit has not issued specific guidance on whether electronic database fees are recoverable under Section 1988; however, as *Daly* explains:

> An attorney's practices in billing clients for expenses may be relevant to the question of whether compensation for litigation expenses is proper in addition to attorney's fees in a particular case. It is customary for attorneys to bill clients for duplicating expenses, attorney travel and other necessary litigation expenses in addition to a regular hourly rate. However, there may be circumstances in which an attorney's customary hourly rate is intended to cover litigation expenses. In such a case, reimbursement for expenses in addition to a reasonable fee would constitute improper double compensation.

*Daly*, 790 F.2d at 1084 n.18. The *Daly* court, therefore, directs district courts to engage in a case-by-case review of attorneys' billing practices to determine whether expenses are recoverable in addition to the attorneys' hourly rates. Here, there is uncontroverted evidence that the hourly rates were not intended to cover expenses for electronic legal research. *See* Dkt. No. 119-1 (declaration of Ayesha N. Khan). This is consistent with typical billing practices in this district as reflected in numerous motions for attorneys' fees and expenses which this court has reviewed. For these reasons, the court concludes that the Westlaw fees are recoverable under Section 1988.

In conclusion, Plaintiffs have submitted nearly 100 pages of exhibits in support of their request to recover expenses incurred in this litigation. *See* Dkt. Nos. 156-7, 156-8. These exhibits document each expense for which Plaintiffs seek compensation. The court has carefully reviewed these exhibits and finds the amounts sought reasonable. Therefore, the court awards expenses in the amount of $11,187.82.

**III.  Entities Liable for Attorneys' Fees and Expenses.**

Defendants urge this court to shift responsibility for payment of attorneys' fees and expenses to the State as an entity. In support of this request, Defendants rely on the Seventh Circuit's decision in *Herbst v. Ryan*, 90 F.3d 1300 (7th Cir. 2000) as well as this district's decision in *Southeast Booksellers Ass'n v. McMaster*, C/A No. 2:02-3747-PMD (Sept. 16, 2005) (relying on *Herbst*). In both of these cases, the court awarded attorneys' fees solely against the state itself.

There is some appeal in the approach Defendants request as it would allow the court to shift responsibility to the "State" as a whole, which is arguably the more responsible entity. Those responsible for setting the State's budget (most critically, the Legislature which enacted the challenged legislation) would then be responsible for determining the best source for payment (including, possibly, from the budgets of Defendants' departments).[9]

On the other hand, an award against Defendants in their official capacity could be an award against the State itself. Thus, there would be no need for allocation. *See Hutto v. Finney*, 437 U.S. 678, 694 ("[A]ttorneys' fees . . . will be collected either directly from the official, in his official capacity, from funds of his agency or under his control, or from the State or local government (whether or not the agency or government is a named party).") (internal quotation marks and citation omitted)). To the extent the State as an entity is not before the court, Defendants are asking this court, in effect, to impose liability on an absent party which has not had the opportunity to address

---

[9] To say that the State as a whole is more responsible for the legislation at issue, is really to say that State actors other than the two departments whose directors are now before the court played a more active role in sponsoring and enacting the challenged legislation. Defendants are and were, however, the only parties before this court and both, at least initially, actively opposed Plaintiffs' pursuit of declaratory relief. Thus, the fees and expenses, which are the only relief at issue here, are directly attributable to the actions of Defendants.

allocation of responsibility. The undersigned declines to engage in such an activity. *Cf. In re Crescent City Estates, LLC*, 588 F.3d 822, 825-26 (4th Cir. 2009) (relying on the "American Rule" in holding that 28 U.S.C. § 1447(c), the fee-shifting statute applicable to improper removals, does not authorize an award of fees against *counsel* because it does not expressly provide for such an award).

Ultimately, the court concludes that the better course is to award fees and costs jointly and severally against Defendants, leaving it to them, as directors of state agencies, to work with others in state government to determine how best to allocate the award. While there may be some unfairness in this result because Defendants did not initiate the legislation, it is not without its own appeal as it encourages state officials to independently evaluate their position in litigation, rather than blindly assuming an obligation to defend legislation.

## CONCLUSION

For the reasons set forth above, the court concludes that Plaintiffs are entitled to attorneys' fees, costs, and expenses in the amount of $202,705.57, of which $178,589.25 is not challenged and the remainder is challenged, in part, by one of the two Defendants. Defendants are held jointly and severally liable, in their official capacities, for the full award. The amount awarded shall be paid within sixty days of entry of this order.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 26, 2010